GEORGE C. CROLIUS, Plaintiff, v. DOUGLAS BOAT CLUB and Others Defendants.

Supreme Court, Bronx County, December 11, 1930.

*Goodman Block*, for the plaintiff.

*Wm. T. Andrews*, for the defendants Elizer Realty Corporation and Intra Fraternity Counsel, Inc.

*Lucius L. Delany*, for the defendant Riley.

HATTING, J. The plaintiff brings this action for a permanent injunction restraining the defendants from operating a public bathing beach, dance hall, cabaret and place of public entertainment without the necessary local licenses. It is claimed by the plaintiff that the Elizer Realty Corporation, as owner of the premises, applied to the local authorities for a license to operate a dance hall and that the application was denied on or about October 7, 1929; that subsequently an application was made to operate a public bathing beach on May 5, 1930, but the application has not yet been passed upon. It is further claimed by the plaintiff that, notwithstanding the refusal of the dance hall license and the absence of the bathing beach license, the defendants have operated a public bathing beach and dance hall and parking space for automobiles, and that a charge was imposed and collected by the defendants of fifty cents for adults and twenty-five cents for children for bathing privileges and a charge of twenty-five cents for parking cars. The

plaintiff complains that visitors to the defendants' premises deport themselves in an objectionable manner, are loud and boisterous and frequently in a state of intoxication; that their language is offensive, and that the noises of the crowds and of the horns and motors of the automobiles continue late into the night and are heard in the homes of the neighboring residents; that the offensive and unlawful use of the premises in the manners indicated constitute a nuisance and a detriment to the neighborhood and is causing considerable damage to the neighboring residents in disturbing their peace, comfort and health and depreciating the values of their properties. There are some twenty-four affidavits of the neighbors and witnesses supporting these charges. On behalf of the defendants there are about twenty-two affidavits submitted which deny some of the charges of misconduct, while they are evasive as to other of the charges. The plaintiff has produced documentary evidence by way of a special admission ticket to an outing on the premises, as well as other evidence convincing in its character, and there is a record conviction of the defendant Riley for unlawfully housing automobiles on the premises, all of which have a compelling influence in resolving the disputed facts favorably to the plaintiff. But aside from the disputed question of whether the demeanor of the persons who visited the premises was proper, the added feature that the defendants are operating the premises without the requisite licenses is sufficient in itself to compel the injunction which is here sought.

The defendant Riley, apparently raising a question of jurisdiction, alleges that the premises are being operated by a membership corporation, the Intra Fraternity Counsel, Inc., which has not been impleaded as a party defendant. The fee to the premises is owned by the Elizer Realty Company, of which the defendant Riley is president. The Intra Fraternity Counsel, Inc., was incorporated in July, 1930. The defendant Riley is its vice-president. Riley in his affidavit alleges that he, as president of the Elizer Realty Company, leased a part of the premises to the Intra Fraternity Counsel, Inc., and Robert A. Gorham as the president of the Intra Fraternity Counsel, Inc., alleges that the Intra Fraternity Counsel, Inc., has been in sole and complete charge of the premises in question. The date of the letting and the term of the lease are not disclosed. It is claimed by the defendants that the only persons visiting the premises are members of the Intra Fraternity Counsel, Inc., and their invited guests. It might fairly be inferred from this situation that the Intra Fraternity Counsel, Inc., was created as a membership corporation for the purpose of avoiding the necessity of obtaining licenses from the local authorities to operate a public resort. But, even if we may

assume, as the defendants contend, that the premises are being operated by the Intra Fraternity Counsel, Inc., as a membership corporation, and that its visitors are limited to members and their invited guests, still the objections of the plaintiff are not met, for, in order to avoid the requirement of a number of licenses to operate the premises for the purposes mentioned, the property must be owned, as well as operated, by a *bona fide* membership corporation. Here the Intra Fraternity Counsel, Inc., does not even pretend to own the property, and it, therefore, does not come within the exception. We are considering here an application for an injunction *pendente lite* restraining the defendants from operating the premises in the manner complained of. While the defendants' contention that this court has not acquired jurisdiction of the Intra Fraternity Counsel, Inc., is sound, still the facts presented here fully support the plaintiff's prayer for intermediary relief as to the defendants who have been impleaded. The plaintiff has indicated an intention to apply for leave to issue a supplemental summons and complaint impleading the Intra Fraternity Counsel, Inc., as an additional party defendant.

The motion for an injunction *pendente lite* as to the defendants cited will be granted, with leave to the plaintiff to apply further to have the injunction extended to include the Intra Fraternity Counsel, Inc., after the latter has been impleaded as an additional party defendant. Counsel may submit upon the settlement of the order to be entered hereon memorandum upon the question of bond. Settle order on notice.